UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>    v.<br><br>DARIO MOSCOSO,<br><br>    Respondent. | Case No. 15-cv-02065-BTM-JLB<br><br>ORDER GRANTING PETITION TO ENFORCE INTERNAL REVENUE SUMMONS |

The Government has petitioned the Court for an order enforcing the Internal Revenue Service ("IRS") Summons issued to Dario Moscoso ("Respondent"). On November 12, 2015, the Court issued an order to show cause why the IRS summons should not be judicially enforced. On November 19, 2015, the IRS personally served a copy of the order to show cause, the Government's petition to enforce and supporting declaration upon Respondent. Respondent did not file a written response to the order to show cause.

The hearing was held on the Government's petition on December 4, 2015 at 2:00 p.m. Assistant United States Attorney Leslie M. Gardner represented the Government. Respondent appeared in propria persona. For the reasons explained herein, the Government's petition to enforce the summons is granted.

BACKGROUND

On November 24, 2014, Peter Zarcharzuk, a Revenue Officer employed by the IRS, issued an IRS summons to Respondent. [Declaration of Revenue Officer Peter Zarcharzuk in Support of Petition ("Zarcharzuk Decl."), ¶ 3.] The IRS is conducting an investigation to determine Respondent's tax liabilities. The summons relates to the assessment of Respondent's tax liabilities for the 1999, 2002, 2005, and 2006 tax years. [Id. at ¶ 2.] On November 25, 2014, Revenue Officer Zarcharzuk served a copy of the summons on Respondent by leaving an attested copy of the summons affixed to the front door at Respondent's last and usual place of abode. [Id. at ¶ 4.]

The summons ordered Respondent to appear before the IRS on December 8, 2014 at 9:00 a.m. [Id. at ¶ 5.] On December 8, 2014, Respondent did not appear before the IRS as directed and did not provide any of the summonsed information. [Id.] The Office of Division Counsel of the IRS subsequently sent a letter to Respondent directing him to appear before the IRS on January 27, 2015. [Id. ¶ 6.] Respondent again failed to appear or provide any of the summonsed information or payment. [Id. at ¶ 7.]

On September 16, 2015, the Government petitioned the Court to enforce the summons. On November 12, 2015, the Court set a hearing date for this matter and ordered Respondent to show cause why he should not be compelled to comply with the IRS summons. Respondent did not file a written response to the order to show cause. Immediately prior to the Court's hearing, Respondent provided Revenue Officer Zacharzuk with a signed copy of IRS Form 433-A, but has yet to provide any supporting documentation or to provide the summonsed testimony. On December 4, 2015, the Court held a hearing on the order to show cause.

DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant of

2

material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue . . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish its 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that Powell requirements have been met." Id. at 120. Once the government has made a prima facie showing that enforcement of the summons is appropriate, the burden shifts to the Respondent to show that enforcement of the summons would be an abuse of the court's process. Powell, 379 U.S. at 58. The Supreme Court has characterized respondent's burden as a heavy one. Id. The Government's petition and Revenue Officer Zacharzuk's supporting declaration satisfy all four elements of the Powell standard. First, the IRS is conducting an investigation with respect to the collectability of Respondent's tax liabilities for the tax years 1999, 2002, 2005, and 2006. [Zacharzuk Decl., ¶ 2.] Such an investigation is expressly authorized by 26 U.S.C. § 7602(a). The Internal Revenue Code explicitly allows the issuance of a summons for the purpose of determining "the liability of any person for any internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a). Thus, the summons was issued for a legitimate purpose. Second, Revenue Officer Zacharzuk has declared

in his affidavit that the information requested by the summons may be relevant to the IRS determination of Respondent's tax liability. [Id. at ¶ 10.] Third, the IRS does not already possess the testimony, papers, records, and other data sought by the summons issued to Respondent. [Id. ¶ 8.] Finally, the IRS has followed and exhausted all required administrative steps, but Respondent has not complied with the summons. [Id. at ¶ 9.] Thus, the Government has made prima facie showing that it is entitled to judicial enforcement of the summons.

## CONCLUSION

For the reasons set forth herein, the Government's petition to enforce the IRS summons is GRANTED. Respondent, Dario Moscoso, is directed to appear before IRS Revenue Officer Peter Zacharzuk or a designee, on January 13, 2016, at 10:00 a.m., at the offices of the Internal Revenue Service located at 333 W. Broadway, Floor 9, San Diego, California, and to produce the documents and give testimony as directed in the summons. The Government shall serve a copy of this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the Government, or as soon thereafter as possible. Proof of such service shall be filed with the Clerk of Court as soon as practicable.

Respondent is hereby notified that failure to comply with this Order may subject him to sanctions for contempt of court.

**IT IS SO ORDERED.**

**DATED:** December 11, 2015

**Hon. BARRY TED MOSKOWITZ**
**Chief Judge**
**United States District Court**

4